UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL No. 12-265 |
| | * | |
| v. | * | SECTION K |
| | * | |
| ROBERT KALUZA | * | JUDGE |
| | * | STANWOOD R. DUVAL, JR. |
| | * | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**DEFENDANT ROBERT KALUZA'S MEMORANDUM
IN SUPPORT OF MOTION *IN LIMINE* TO EXCLUDE EMAIL EXCHANGE
BETWEEN KALUZA & ANYA KOMOGORTSEVA (GX 32 &33)**

Defendant Robert Kaluza moves *in limine* to exclude evidence and comment on an April 22–25, 2010 email exchange between Kaluza and Anya Komogortseva, Kaluza's friend whom he met while working for BP in Russia. The exchange refers to matters that are irrelevant and unfairly prejudicial. Most problematic, the email exchange may mislead the jury into thinking that Kaluza has an obligation to testify in this case. Accordingly, the Court should exclude the email exchange—or testimony or comment about it—under Federal Rules of Evidence 401, 402, and 403 as irrelevant, unfairly prejudicial, and potentially confusing to the jury.

## BACKGROUND

The Superseding Indictment's remaining Count alleges that, while a substitute wellsite leader on the *Deepwater Horizon*, Kaluza negligently caused a discharge of oil in violation of the Clean Water Act by misinterpreting a negative pressure test ("negative test"). In the week after the accident, Kaluza and Komogortseva engaged in the

1

541880.1

following email exchange, which the government seeks to offer as proposed exhibits 32 and 33:

**April 23, 2010 from Kaluza to Komogortseva:**

Anya,

I was asked to go to a drilling rig while working in Houston and on the 4th day at the rig, while I was sleeping, there was a powerful explosion and fire -- you may have read or heard about it??

I lost all personal items that were in my travel bag i.e. identification, money, and my cell phone. I hope you will see that I have not text [sic] you for a long time and read this e-mail. I need to be sure I have your telephone number when I get the new phone. What is your telephone number? I survived the explosion and fire. :)

**April 25, 2010 from Komogortseva to Kaluza**

Hi Bob!
I'm glad that you are OK. I sent txtmessages you yesterday:) But no answer yet. . . My cell number is _____.
I miss you.

**April 25, 2010 from Kaluza to Komogortseva**

Anya My Dear,
I am very happy to hear from you --- I ALWAYS miss you!!! :) Happy I have your telephone number. As soon as I get the new cell phone, I will text you. I hope to have a new cell phone next week. --- I hope :)

Now there is a huge investigation about 'what happened' that caused the HUGE explosion -- 11 people died on the rig. Of course, I was the Drilling Supervisor, so I have been speaking to many investigative teams.

It was a very exciting night when we all had to get off the drilling rig in the middle of the ocean at night with the rig exploding!!! :) 118 people got off the rig safely --- some jumped 20 meters into the ocean. I helped get people into the life boats, then got in the lifeboat

2

541880.1

myself. Exciting night!!! but also a very sad night because some died.

This accident is a VERY BIG event in America because of the loss of life and also the well is still leaking oil into the Gulf of Mexico. I may need to testify in a courtroom later??

As soon as I get a new cell phone I will text you --- I won't go back to work for at [sic] while due to all of the legal and investigative processes, so I'll enjoy Vegas and of course communicate with you again.

As soon as I get a new cell phone I will text you -- fortunately my laptop was not destroyed in the fire (all other travel documents were, they were in that brown leather travel bag I had), I left my laptop in a suitcase in a hotel in Houma Louisiana because I was only going to the rig fro [sic] 5 days. So we can e-mail when you can get to your e-mail. :) :)

I miss you --- we have MANY roses in bloom now -- pink, red and yellow ones :) :) and your white BMW looks beautiful!! :) :)[1]

## ARGUMENT

The above email exchange should be excluded under Federal Rule 402: "irrelevant evidence is inadmissible"; and Rule 403: "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 402, 403. "'Unfair prejudice' within this context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Old Chief v. United States*, 519 U.S. 172, 180 (1997) (*quoting* FED. R. EVID. 403, advisory committee note); *accord*

---

[1] GX 32 consists of all three emails. GX 33 consists of the first two emails in the string.

541880.1

*United States v. Cook*, 557 F.2d 1149, 1153 (5th Cir. 1977). "In performing a Rule 403 analysis, the court must balance 'the incremental probity of the evidence . . . against its potential for prejudice.'" *United States v. Heard*, 709 F.3d 413, 431 (5th Cir. 2013) (quoting *United States v. Beechum*, 582 F.2d 898, 912–13 (5th Cir. 1978)) (ellipses in *Heard*).

The Kaluza-Komogortseva email exchange should be excluded as irrelevant and unfairly prejudicial. To the extent that it has any probative value, it is in establishing Kaluza's presence and job on the rig before the explosion. The parties have already stipulated to these facts. Doc. 273 ¶¶ 6–9. These topics are not at issue, and the email would be cumulative of the testimony of many witnesses who will establish Kaluza's presence on the rig and job duties. The government also intends to introduce Kaluza's own statements, including his one hour and twelve minute long recorded interview given to Coast Guard and MMS agents the day after the accident. The email adds nothing to this evidence and has no probative value. It does not discuss Kaluza's interpretation of the negative test—the only act of negligence alleged against Kaluza. Nor does it discuss causation—this case's other major issue.

On the other side of the scale, admitting the email carries a grave danger of unfair prejudice and confusing and misleading the jury.

First, and most problematic, Kaluza states that he "may need to testify in a courtroom later??" Kaluza was called to testify in the civil litigation, where he invoked his Fifth Amendment rights. Of course, Kaluza has no obligation to testify or to present any evidence. If he elects not to testify in this criminal trial, admitting the email risks

4

violating the Fifth Amendment by improperly shifting the burden of proof to Kaluza and commenting on his decision not to testify. *E.g.*, *Griffin v. California*, 380 U.S. 609, 614, (1965); *United States v. Johnston*, 127 F.3d 380, 396 (5th Cir. 1997). At the very least, the email is likely to cause confusion on these issues. *See, e.g.*, *United States v. Miller*, 588 F.3d 897, 904 (5th Cir. 2009) (excluding evidence with minimal probative value based on potential for jury confusion).

Second, the email refers to Kaluza's being put on leave from BP. ("I won't go back to work for at [sic] while due to all of the legal and investigative processes . . ."). Kaluza's employment status with BP after the accident is not relevant to any issue in this case. For similar reasons, this Court in *United States v. Mix*, No. 2:12-cr-00171, Doc. 371 (May 2, 2013), granted Mix's motion *in limine* to exclude his suspension from BP.

Third, the email refers to the eleven deaths following the *Deepwater Horizon* tragedy. As we have already argued in a separate motion *in limine* to exclude references to the deaths, Doc. 285, the deaths are irrelevant in this Clean Water Act trial and risk unfairly prejudicing Kaluza.

In short, the Kaluza-Komogortseva email exchange has no probative value, but it has a grave potential for unfair prejudice. Kaluza respectfully requests that the Court exclude the email exchange and any comment on it. Kaluza also expressly requests that the Court make its Rule 403 findings on the record. *E.g.*, *United States v. Osum*, 943 F.2d 1394, 1402-03 (5th Cir. 1991).

## CONCLUSION

For the foregoing reasons, Kaluza requests that this Motion be granted.

Respectfully submitted,

*/s/ Shaun Clarke*
Shaun Clarke, T.A. (La. Bar No. 24054)
Dane Ball, *pro hac vice*
David Isaak, *pro hac vice*
Alexander Wolf, *pro hac vice*
SMYSER KAPLAN & VESELKA, LLP
700 Louisiana Street, Suite 2300
Houston, Texas 77002
Phone: (713) 221-2300
Fax:     (713) 221-2320
Email: sclarke@skv.com
Email: dball@skv.com
Email: disaak@skv.com
Email: awolf@skv.com

*/s/ David Gerger*
David Gerger, *pro hac vice*
Alexander Hughes, *pro hac vice*
QUINN EMANUEL URQUHART & SULLIVAN, LLP
711 Louisiana St., Suite 500
Houston, Texas 77002
Phone: (713) 221-7000
Fax:     (713) 221-7100
Email: davidgerger@quinnemanuel.com
Email: alexhughes@quinnemanuel.com

**ATTORNEYS FOR DEFENDANT ROBERT KALUZA**

Of Counsel:

John D. Cline, *pro hac vice*
235 Montgomery, Suite 1070
San Francisco, California 94104
Phone: (415) 662-2260
Fax:     (415) 662-2263
Email: cline@johndclinelaw.com

6

541880.1

## CERTIFICATE OF SERVICE

     I hereby certify that on the 11th day of January, 2016, I have electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification to all counsel of record and to counsel for the United States at:

    Jennifer.Saulino@usdoj.gov
    Wilfredo.Fernandez2@usdoj.gov
    Gary.Winters@usdoj.gov

                                         */s/ Shaun Clarke*
                                         Shaun Clarke

541880.1