UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 12-265 |
| ROBERT KALUZA | SECTION "K"(5) |

## ORDER AND REASONS

Before the Court are the following motions which the Court will address *seriatim*:

1) Defendant's Motion *in Limine* to Preclude Evidence of BP's and Transocean's Guilty Pleas (Doc. 274);

2) Defendant's Motion *in Limine* to Exclude Judicial Findings Made in the Multidistrict Litigation (Doc. 276);

3) Defendant's Motion *in Limine* to Exclude Improper Hypotheticals (Doc. 277);

4) Defendant's Motion *in Limine* to Exclude Patrick O'Bryan's "Question Mark" Email and Related Testimony (Doc. 280);

5) Defendant's Motion *in Limine* to Exclude Donald Vidrine's Guilty Plea and Conviction (Doc. 283);

6) Defendant's Motion *in Limine* To Exclude His Performance Evaluations, Performance Assessments, and Related Documents and Testimony (Doc. 284);

7) Defendant's Motion *in Limine* to Exclude Evidence of Deaths (Doc. 285);

8) Defendant's Motion *in Limine* to Preclude Improper Overview or Summary Testimony by Law Enforcement Agent (Doc. 286);

9) Defendant's Motion *in Limine* to Exclude Email Exchange Between Kaluza and Anya Komogortseva (Doc. 290);

10) Defendant's Motion *in Limine* to Exclude Wildlife Carcasses and Photos of Wildlife and Oil Soaked Beaches (Doc. 292);

11) Defendant Motion *in Limine* to Exclude "Normalization of Deviance" Email (Doc. 294);

12) Defendant's Motion *in Limine* Regarding Statements of Government Attorneys in MDL Civil Litigation (Doc. 298);

13) United States' Motion *in Limine* to Preclude Evidence, Question, Comment, or Argument Inviting Jury Nullification (Doc. 300);

14) United States' Motion *in Limine* to Exclude Evidence of Certain Statements Made by Department of Justice Civil Attorneys and to Require the Defendant to Identify pretrial all Statements He intends to Use Under Rule of Evidence 801(d)(2) (Doc. 301).

1) **Defendant's Motion *in Limine* to Preclude Evidence of BP's and Transocean's Guilty Pleas (Doc. 274)**

Defendant Robert Kaluza seeks to have the Court preclude the Government from mentioning before the jury the guilty pleas entered by BP Exploration and Production, Inc. and Transocean Deepwater Inc.  The Government in large part does not oppose the motion except in the event that the defendant were to "open the door" by mentioning it at some point in the proceedings.  At that point, the Government maintains that it should be able to mention same.  Having reviewed the memoranda and the relevant law,

**IT IS ORDERED** that Defendant's Motion *in Limine* to Preclude Evidence of BP's and Transocean's Guilty Pleas (Doc. 274) is **GRANTED** subject to the Government's right to approach the bench and ask for reconsideration of this ruling in the event that defense counsel broaches this topic.

**2)** **Defendant's Motion *in Limine* to Exclude Judicial Findings Made in the Multidistrict Litigation (Doc. 276)**

Defendant Robert Kaluza seeks to have the Court exclude from evidence and preclude the Government from mentioning the judicial findings made in the multidistrict litigation, MDL 2179, *In re Oil Spill by Oil Rig Deepwater Horizon in Gulf of Mexico*, on April 20, 2010. The Government responds that it will not introduce such evidence at trial unless and until the defendant "opens the door" by mentioning same in opening statement, cross-examination questioning or defense evidence. Having reviewed the memoranda and the relevant law,

**IT IS ORDERED** that Defendant's Motion *in Limine* Exclude Judicial Findings Made in the Multidistrict Litigation (Doc. 276) is **GRANTED** subject to the Government's right to approach the bench and ask for reconsideration of this ruling in the event that defense counsel broaches this topic. The Court further notes that such extraordinary circumstances are not evident as in its estimation these civil determinations are not in any way admissible in this criminal trial.

**3)** **Defendant's Motion *in Limine* to Exclude Improper Hypotheticals (Doc. 277)**

Defendant Robert Kaluza seeks to have the Court preclude the Government from asking hypothetical questions to lay witnesses regarding what "they would have done" had they been in defendant's position during the negative test. As such, defendant maintains that such questions would violate Fed. R. Evid. 602 and 701, which prevent lay witnesses from speculating based on facts outside of their personal knowledge. Moreover, defendant contends that such testimony would fail the Rule 403 probative/prejudice balancing test.

The Government responds that it should be able to ask that type of hypothetical question to all the well site leaders who worked on the Deepwater Horizon during the drilling of the

Macondo well, as well as to other lay witnesses with similar personal experience in deepwater drilling.  It maintains that "the testimony of these witnesses about what they would have done if they knew what the defendant knew about the negative pressure test is admissible as lay opinion testimony under Rules 602 and 701 because it constitutes 'straightforward conclusions for observations informed by [the witnesses'] own experience in the deepwater drilling industry and on the Deepwater Horizon that can be test adequately by cross-examination.'" *United States v. Riddle*, 103 F.3d 423, 429 (5th Cir. 1997).  Moreover, the Government argues that the information is admissible given its high probative value that is not substantially outweighed by the risk of any unfair prejudice.

Rule 602 of the Federal Rules of Evidence provides, "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony. This rule does not apply to a witness's expert testimony under Rule 703." Fed. R. Evid. 602.   Rule 701 provides:

> If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
>
> (a) rationally based on the witness's perception;
>
> (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
>
> (c) not based on scientific, technical, or other specialized knowledge withing the scope of Rule 702.

Fed. R. Evid. 701.

"Rule 701 does not exclude testimony by corporate officers or business owners on matters that relate to their business affairs, such as industry practices and pricing."  *National Hispanic*

*Circus, Inc., v. Rex Trucking, Inc.*, 414 F.3d 546, 551-52 (5th Cir. 2005).  Using that premise, the Fifth Circuit in *United States v. Valencia*, 600 F.3d 389 (5th Cir. 2010), held that a witness whose former job duties as a risk officer at a corporation included risk analysis was allowed to testify as a lay witness concerning his analysis with respect to the evaluation of risk tolerance.

> Because [the witness]'s knowledge and analysis were derived from duties he held at Dynegy, his opinions were admissible as testimony based upon personal knowledge and experience gained while employed by Dynegy.  See Fed. R. Evid. 701.  He engaged in precisely the kind of analysis he regularly performed as chief risk officer; the fact that he drew particular opinion and projections for purposes of this case does not make him an "expert" within the meaning of Federal Rule of Evidence 702.  *See Tex. A&M Research Found. v. Magna Transp., Inc.* 388 F.3d 394, 403 (5th Cir. 2003).

*Id.* at 416.

Nonetheless, as a threshold matter, as noted in *Howard v. Offshore Liftboats, LLC,* 2016 WL 316716 (E.D. La. Jan. 26, 2016):

> "[A] lay opinion witness may not testify based on speculation." "[A] lay witness's opinion testimony which constitutes speculation as to what might have been done or what might have occurred is not based on his first-hand perception of actual events, and thus does not satisfy the requirements" of Federal Rule of Evidence 701.

*Id.* at *4 (footnotes omitted).

In the case at bar, the issue surrounding the proper course of action in the event of a negative pressure test is pivotal.  As such, the Court finds that the use of hypotheticals as to all witnesses, save Donald Vidrine, as to "what the witness would have done as to the Macondo well" will not be allowed.  Those witnesses' testimony would not be rationally based on their perception as they were not present at that time.  However, this decision does not preclude the Government eliciting testimony from other well site leaders based on personal knowledge as to

what was done by those witnesses in other instances of a negative pressure tests. In other words, such testimony must be based on a witness's own experience.

As to Donald Vidrine, his testimony will be rationally based on his perception since he was present at the time of the accident; such testimony will be helpful to determine a fact at issue; and like the witness in *Valencia*, his testimony concerns matters that were specifically part of his business responsibilities, and, as such, does not constitute "expert" testimony prohibited under Rule 701.

Moreover, given the parameters set forth herein, the Court finds that Vidrine's testimony will not constitute evidence that should be excluded under Fed. R. Evid. 403 because its prejudicial value will not outweigh its probative value. However, the Court finds that testimony based on hypotheticals with respect to any other witness would be overly prejudicial and outweighs any probative value it may have. Accordingly,

**IT IS ORDERED** that Defendant's Motion *in Limine* to Exclude Improper Hypotheticals (Doc. 277) is **DENIED** as to the testimony of Donald Vidrine as set forth above and **GRANTED** as to other witnesses with the provisos contained herein. The Court reminds counsel that a proper foundation must be laid for any such testimony and counsel should approach the bench to discuss this matter before eliciting such testimony from Donald Vidrine.

The Court further notes that the Government has indicated in its Disclosure of Expert Witnesses (Doc. 265) that it may call Ronald Sepulvado, Murray Sepulvado and Earl Lee and may seek to have them qualified as expert witnesses, and therefore, qualified to answer hypothetical questions concerning what would they have done had they encountered a negative pressure test. This issue will be addressed at the *Daubert* hearing scheduled for February 11,

2016.  Specifically the Court notes that at issue is not only the specialized knowledge of these witnesses but also the scientific knowledge involved in making such assessments.

**4)     Defendant's Motion *in Limine* to Exclude Patrick O'Bryan's "Question Mark" Email and Related Testimony (Doc. 280)**

Defendant Robert Kaluza seeks to have the Court preclude the Government from mentioning in front of the jury or introducing into evidence Patrick O'Bryan's "question mark" email and any related testimony.  This e-mail was from BP Vice President Patrick O'Bryan in response to forwarded e-mail which contained the Defendant's description of the "bladder effect" theory which is again at the epicenter of this trial.  Defendant maintains that it is hearsay under Fed. R. Evid. 801 and 802; moreover, "any testimony from O'Bryan regarding the bladder effect, constitutes improper lay opinion testimony under Fed. R. Evid. 602 and 701."  Finally, the defendant maintains that it is irrelevant and unfairly prejudicial under Fed. Rules of Evid. 401, 402 and 403.

The Government contends that the e-mail is admissible as an exception to the hearsay on three independent bases: (1) under Fed. R. Evid. 803(2) it is an "excited utterance"; (2) Rule 803(1), it is as a "present sense impression;" and (3) under Rule 803(6), it is as a business record.  In addition, testimony concerning Mr. O'Bryan's views on the "bladder effect"  would not constitute  improper lay testimony in light of *United States v. Valencia*, 600 F.3d 389, 416 (5th Cir. 2010).  Moreover, it is highly relevant and its probative value far outweighs it prejudicial nature under Fed. R. Evid. 401, 402, and 403.

The Court finds that the e-mail itself will be excluded from evidence as it would be confusing to the jury and  it was written five days after the fact. Indeed, such a "question mark"

response would be an improper answer to a question posed to Mr. O'Bryan in Court. However, as to Mr. O'Bryan's testimony, he will be allowed to testify about general industry practices based on his specific perceptions and knowledge concerning the Macondo well as well as matters within his own personal knowledge; however, he will not be allowed to answer any hypothetical questions. As an example, he may be asked whether he had heard of the bladder effect. He may be asked what is normal procedure when a "kick" is experienced when completing a well. He will be limited to only his personal knowledge in that regard. Accordingly,

**IT IS ORDERED** that Defendant's Motion *in Limine* to Exclude Patrick O'Bryan's "Question Mark" Email and Related Testimony (Doc. 280) is **GRANTED** in so far as the question mark email response shall not be admitted and is **DENIED** in so far as Mr. O'Bryan testifies in accordance with the parameters set forth above. The Court requests that prior to his testifying, there be a recess and bench conference to insure that the parties understand the Court's order.

5) **Defendant's Motion *in Limine* to Exclude Donald Vidrine's Guilty Plea and Conviction (Doc. 283)**

Defendant Robert Kaluza seeks to have the court preclude the Government from mentioning before the jury Donald Vidrine's guilty plea and conviction unless the defense, before the end of Vidrine's direct examination, notifies the government of its intent to introduce Vidrine's guilty pleas into evidence. The Government contends that the motion should be denied; it contends that under Fifth Circuit precedents, the Government may impeach its own witness and may admit evidence of a guilty plea for the proper purpose of explaining the relationship between the witness and the Government.

Based on *United States v. Leach*, 918 F.2d 464 (5th Cir. 1990), the Court finds defendant's motion to have merit. Accordingly,

**IT IS ORDERED** that Defendant's Motion *in Limine* to Exclude Donald Vidrine's Guilty Plea and Conviction (Doc. 283) is **GRANTED.** Unless the defense–before the end of Vidrine's direct examination–notifies the Government of its intent to offer Vidrine's guilty plea in evidence, the United States shall not mention Vidrine' guilty plea or conviction before the jury without first approaching the bench.

6) **Defendant's Motion *in Limine* To Exclude His Performance Evaluations, Performance Assessments, and Related Documents and Testimony (Doc. 284)**

Defendant Robert Kaluza seeks to have the Court preclude the Government from offering into evidence or mentioning before the jury his BP performance evaluations and assessments and related documents and testimony. The Government maintains that it intends to use such evidence to rebut any evidence proffered by the defendant that he does not have a propensity for being negligent.

As stated in *Moorhead v. Mitsubishi Aircraft International, Inc.*, 828 F.2d 278 (5th Cir. 1987), "Under Fed. R. Evid. 404 evidence of [a defendant's] past conduct is not admissible to prove that he acted in conformity with that conduct on the afternoon of the crash, but it is admissible to rebut evidence of [the defendant's] past good conduct as a pilot offered in his defense." Accordingly,

**IT IS ORDERED** that Defendant's Motion *in Limine* To Exclude His Performance Evaluations, Performance Assessments, and Related Documents and Testimony (Doc. 284) is **GRANTED** subject to the Government's right to approach the bench and ask for reconsideration

9

of this ruling in the event that defense counsel offers evidence concerning the Defendant not having a propensity for negligence.

7) **Defendant's Motion *in Limine* to Exclude Evidence of Deaths (Doc. 285)**

Defendant Robert Kaluza seeks to have the Court preclude the Government from offering evidence of or mentioning the deaths of the eleven people killed in the *Deepwater Horizon* accident. The Government responds that it should be able to do so in order "to present a complete picture of the facts" and "prevent the jury from making incorrect assumptions about why certain witnesses will not testify." (Doc. 329 at 1).

At issue in this case is a violation of the Clean Water Act; as such, the deaths are not relevant to the Government's burden of proof. However, the Court recognizes that four participants in the negative test will be mentioned, but each of these persons died as a result of the explosion. Thus, there is potential for the jury to engage in speculation as to why these individuals have not been called to testify. As such,

**IT IS ORDERED** that Defendant's Motion *in Limine* to Exclude Evidence of Deaths (Doc. 285) is **GRANTED in part and DENIED in part**. The Court shall include as part of its explanation of the case upon the jury being seated that Dewey Revette, Jason Anderson, Donald Clark, and Stephen Curtis died in the explosion onboard the *Deepwater Horizon* on April 20, 2010.

**IT IS FURTHER ORDERED** that neither party shall otherwise argue or present evidence of any other deaths.

**IT IS FURTHER ORDERED** that neither party, without first approaching the bench, shall argue or suggest whether these decedents would have testified; or what they would have said if they had testified; or seek to admit evidence concerning the statements and conduct of these decedents during and leading into the events of April 20.

8) **Defendant's Motion *in Limine* to Preclude Improper Overview or Summary Testimony by Law Enforcement Agent (Doc. 286)**

Defendant Robert Kaluza seeks to have the Court preclude the Government from offering improper overview or summary testimony by a law enforcement agent. The Government responds that in large part it does not oppose the motion to preclude the use of law enforcement agents to provide "overview" testimony relating to evidence that the Government has not yet introduced. However, it maintains that it is within the law's purview to have agents act as summary witnesses regarding documents at trial.

The Fifth Circuit has noted that summary evidence is "appropriate in several scenarios:"

> First, Rule 1006 explicitly allows introduction of a "summary, chart or calculation" when the "content of voluminous writings . . . cannot be conveniently examined in court." Fed. R. Evid. 1006; *see Nguyen*, 504 F.3d at 571-72; *Bishop,* 264 F.3d at 548; *Castillo*, 77 F.3d at 1499. Second, expert witnesses are authorized to offer opinion testimony that rests on facts or data that reasonably were relied on to form the expert opinion and hence may constitute summary opinion of a specialized character. Fed. R. Evid. 702, 703; *Moore,* 997 F.2d at 57-59. Third, summary evidence, usually in the form of demonstrative aids but also, we have said, in complex cases, through witness testimony accompanying Rule 1006 evidence, may be admissible. *See Armstrong*, 619 F.3d at 383-85; *Taylor*, 210 F3.d at 315; *Winn*, 948 F.2d at 157-59.
>
> In the context of testimony accompanying Rule 1006 summary evidence, we have held that summary testimony referencing prior testimony is appropriate so long as the testimony has an "adequate foundation in evidence that is already admitted," is unquestionably accurate, and is "accompanied by a cautionary jury instruction." *Armstrong,* 619 F.3d at 385; *United States v. Fullwood*, 342 F.3d

11

> 409, 414 (5th Cir. 2003). Similarly, we have emphasized that the evidence being summarized must be of sufficient complexity (numerous witnesses, technical testimony, and scores of exhibit) to be helpful under Rule 611(a) and not excludable under Rule 403 as cumulative. *Armstrong*, 619 F.3d at 385; *Fullwood,* 342 F.3d at 414.

*United States v. Echols*, 574 Fed. Appx. 350, 356 (5th Cir. 2014). Accordingly,

**IT IS ORDERED** that Defendant's Motion *in Limine* to Preclude Improper Overview or Summary Testimony by Law Enforcement Agent (Doc. 286) is **GRANTED** in part and is **DENIED** in part. On no account shall overview testimony be allowed. However, the Court shall allow summary testimony as to records already introduced in evidence; however, no opinion testimony shall be allowed in that context. Moreover, no summary of live witnesses' testimony shall be allowed unless there is (1) an adequate foundation in evidence that is already admitted, (2) such evidence is unquestionably accurate, and (3) such testimony shall be accompanied by the following cautionary jury instruction:

> I remind the jury that this evidence is not independent evidence. It is admitted to assist in summarizing other evidence. If you find that the exhibit does not accurately or correctly summarize the evidence that has been otherwise established, you should disregard it to that extent, and give it only the weight that you think it deserves.

**9)** **Defendant's Motion *in Limine* to Exclude Email Exchange Between Kaluza and Anya Komogortseva (Doc. 290)**

Defendant Robert Kaluza seeks to have the Court exclude evidence and comment on an email exchange between Kaluza and Anya Komogortseva as irrelevant and unfairly prejudicial. The Government contends that this exchange is relevant to demonstrate Kaluza's presence on the rig and to give the jury "a complete picture of Kaluza's demeanor and state of mind" after the

12

accident. The Government contends this evidence show that Kaluza had a cavalier attitude toward the events that occurred on the *Deepwater Horizon*. Clearly, this evidence is far more prejudicial than it is probative under Fed. R. Evid. 403. Accordingly,

**IT IS ORDERED** that Defendant's Motion *in Limine* to Exclude Email Exchange Between Kaluza and Anya Komogortseva (Doc. 290) is **GRANTED**.


**10) Defendant's Motion *in Limine* to Exclude Wildlife Carcasses and Photos of Wildlife and Oil Soaked Beaches (Doc. 292)**

Robert Kaluza seeks to have the Court preclude the Government from offering into evidence or showing the jury wildlife carcasses and photographs of wildlife and oil soaked beaches. Defendant's counsel states in the motion that the Defendant has offered to stipulate that oil was discharged from the Macondo Well in harmful quantities as required by 33 U.S.C. §§ 1319(c)(1)(A), 1321(b)(3). Thus, the Defendant contends that this pictorial evidence's prejudicial nature far outweighs any probative value these pictures might have. The Government responds that these pictures are necessary to prove a required element of establishing a Clean Water Act violation and that such evidence is neither unfairly prejudicial nor cumulative. Moreover, the Government does not intend to introduce any carcasses. In the Defendant's reply memorandum, the Defendant reduces his objection to Govt. Exhibit 59 which are pictures of the effect of the oil spill on the wildlife.

Provided that the defendant stipulates that "the amount of oil discharged was of such quantities as may be harmful to public health and welfare or the environment," as required for proof of the violation charged, the introduction of pictures of the dead animals would not be to prove that element of the crime, but instead would serve primarily to inject emotional reactions

from the jury. As such, the court finds that pursuant to Fed. R. Evid. 403, because the probative value is outweighed by the prejudicial nature of these pictures,

**IT IS ORDERED** that the Defendant's Motion *in Limine* to Exclude Wildlife Carcasses and Photos of Wildlife and Oil Soaked Beaches (Doc. 292) is **DENIED** as moot in part and **GRANTED** in so far as the Government will only be allowed to offer the picture of the dolphins in the oil soaked water from Exhibit 59 provided that the Defendant enter into the necessary stipulation prior to trial. Failure to do so would be grounds for the Government to seek reconsideration of this ruling.

11) **Defendant Motion *in Limine* to Exclude "Normalization of Deviance" Email (Doc. 294)**

Defendant Robert Kaluza moves the Court to preclude the Government from presenting evidence or comment on an April 12, 2010 email from Kaluza's supervisor, Tony Emmerson, to Kaluza containing a link to search results for YouTube videos on "normalization of deviance." The Court finds such evidence irrelevant. Accordingly,

**IT IS ORDERED** that Defendant Motion *in Limine* to Exclude "Normalization of Deviance" Email (Doc. 294) is **GRANTED**.

12) **Defendant's Motion *in Limine* Regarding Statements of Government Attorneys in MDL Civil Litigation (Doc. 298) and the United States Motion in Limine to Exclude Evidence of Certain Statements Made by Department of Justice Civil Attorneys and to Require the Defendant to identify Pretrial All statements He intends to Use Under Federal Rule of Evidence 801(d)(2) (Doc. 301)**

These motions concern the issue of whether the certain statements made by Government attorneys in the MDL Civil Litigation concerning the *Deepwater Horizon* accident (MDL 2179, *In re Oil Spill by Oil Rig Deepwater Horizon in Gulf of Mexico, on Apr. 20, 2010*, are to be admitted or excluded in this criminal trial. Defendant Kaluza seeks a pretrial ruling that "statements" by the Department of Justice attorneys in this matter can be admitted. Kaluza contends that under the holding in *United States v. Gluk*, — F.3d —, 2016 WL 304041 (5th Cir. Jan. 25, 2016), the failure of the Court to allow introduction of these materials would be "clear error." The Government seeks to exclude "certain statements" and for the defendant to be required to identify those particular statements it seeks to introduce at trial.

Thus, the first issue is a determination concerning which "statements" are sought to be introduced. In Defendant Kaluza's Response to the Government's Motion (Doc. 328), counsel for Defendant clearly states that he seeks "admission on two topics: (1) that BP Well site Leader Donald Vidrine told Senior BP Mark Hafle about the pressure on the drill pipe an hour before the blowout and (2) that maintaining the blowout preventer (BOP) would have prevented the oil spill." (Doc. 328 at 1 of 10). In addition, counsel attached Exhibits 1 and 2 stating "Kaluza intends to introduce only two excerpts from the government's MDL pleadings. One relates to the Hafle-Vidrine call, and the other to the BOP issue."

In its reply brief, the Government opines that "the defendant advances no opposition to the requirement of pretrial identification, so that portion of the government's motion should be granted." It appears to the Court that not only is there no opposition to pretrial identification, the defendant has made that identification of the materials clear in Doc. 328, Exhibits 1 and 2 which fact has been verified by the Court. So, the Government's motion is moot in that regard.

Generally, it is true that statements made by the Department of Justice are generally considered to be party admission, and, therefore, are admissible non-hearsay. *United States v. Ganadonegro*, 854 F. Supp. 2d 1088, 1115 (D.N.M. 2012) (Court found prosecutor's statements from closing argument in prior trial were admissible as admissions by a party opponent); *United States v. Ballou*, 59 F. Supp. 3d 1038, 1075 (D.N.M. 2014) (Statements by Department of Justice employees in prior proceeding are party admissions). With that in mind, the Court will now turn to the substantive issue of the admissibility of these two statements.

**Exhibit 1–Hafle-Vidrine Discussion**

At 8:52 p.m. on April 20th, Houston-based BP Senior Engineer Mark Hafle had a ten minute telephone conversation with Well Site Leader Vidrine concerning, *inter alia*, the findings of the negative test. The subject of this phone conversation is central to the Defendant's case because the court in the civil trial found Mr. Hafle told Vidrine that he should consider that there was trapped pressure in the line, but Mr. Vidrine said that he was satisfied that the rig crew had performed a successful negative test. The Government basically took the position that BP had a "full half hour after the conclusion of the call to close in the well through normal operation of the BOP." This position supports Defendant Kaluza's defense.

The problem with these "positions" is that they were constructed from interview notes prepared by BP investigators. At the civil trial, neither Mr. Hafle nor Mr. Vidrine testified. Clearly, the best evidence of what Mr. Hafle told Mr. Vidrine would be Mr. Hafle's direct testimony and not the notes of a third party. The notes then could be used to impeach Mr. Hafle and as such admissible.

If Mr. Hafle does not testify, the Court will then reconsider this ruling. In the event that the Court allows the admission of this statement, then the Court will consider admission of those other statements made demonstrating that the Government contended there were multiple causes as concerns this accident.

**Exhibit 2–BOP Would Have Prevented the Spill**

The Government in its Reply in Support of its Motion in Limine (Doc. 349) stated that it has no objection to the admission of Exhibit 2 save for Paragraph 331, which states:

> 331. The April 20th blowout of the Macondo well, and the resulting explosions, fire, loss of life, personal injuries, oil spill and related damages and injuries resulted from, and were proximately caused by, the foregoing acts and omission of BP with respect to the design, configuration and maintenance of the BOP.

Doc. 328 (Exhibit 2 at p.88 of the original document). As that paragraph speaks to the ultimate factual decision this jury must make, the Court finds that under Fed. R. Evid. 403, this paragraph is not admissible because it is within the purview of the jury in this case to determine causation. *United States v. O'Keefe*, 426 F.3d 274, 280-81 (5th Cir. 2005). Accordingly,

**IT IS ORDERED** that Defendant's Motion *in Limine* Regarding Statements of Government Attorneys in MDL Civil Litigation (Doc. 298) and the United States Motion in Limine to Exclude Evidence of Certain Statements Made by Department of Justice Civil Attorneys and to Require the Defendant to identify Pretrial All statements He intends to Use Under Federal Rule of Evidence 801(d)(2) (Doc. 301) are **GRANTED** in part and **DENIED** in part and **MOOT as to the designation of statements.**

As to Exhibit 1, these statements may only be used to impeach Mr. Hafle in the event that he takes the stand. If he does not take the stand, the Court will reconsider its ruling upon proper motion.

As to Exhibit 2, these statements may be admitted except ¶ 331 which shall be redacted from the document.

**13)** **United States' Motion *in Limine* to Preclude Evidence, Question, Comment, or Argument Inviting Jury Nullification (Doc. 300)**

The United States seeks to have the Court preclude the Defendant from introducing evidence, questioning, commenting and arguing that the defendant is a scapegoat for BP or its senior executives and thus inviting jury nullification. The Defendant has responded that he will not argue jury nullification; however, the Defendant contends that the Government's position is overly broad and would hamper his ability to present his defense.

The Defendant's counsel specifically discusses the cross-examination of certain witnesses ostensibly to be called by the Government, who were members of the Bly Team. Apparently the Defendant will attempt to prove that the Bly Team was biased in favor of BP senior executives in its reporting. The Government is concerned that the Defendant will use this as a proxy for the Defendant being a "scapegoat."

The prophylactic measures that the Government seeks are overly broad to rule on without context. Thus, the Court will have to rule on such questions as they arise at trial. Thus, should the Government want to object to a question, it shall request a bench conference to raise such an objection. However, the court will not allow the defendant to use the term "scapegoat" or in any way challenge the charging decision of the Government. Accordingly,

**IT IS ORDERED** that the Motion is **GRANTED in part** and **DEFERRED in part**.

Defendant's counsel shall not use the term "scapegoat" or in any way challenge the charging decision of the Government.

New Orleans, Louisiana, this 3rd day of February, 2016.

*[signature]* 1

**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE**